**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARCELLO GIALLORENZO,        )
                                     )
                 Plaintiff,        )
                                     )
                  v.           )      02: 06cv0354
                                     )
BEAVER COUNTY, JEFFREY PALADINA, )
individually, and J.T. ENGEL, individually,  )
                                     )
            Defendants.      )

**MEMORANDUM OPINION AND ORDER**

October 31, 2006

        Presently before the Court is the MOTION TO DISMISS filed by defendants Beaver County, Jeffrey Paladina, individually, and J. T. Engel, individually, and the response in opposition filed by Plaintiff, Marcello Giallorenzo.  The matter has been fully briefed by the parties and is ripe for disposition.  For the reasons that follow, the motion will be granted.

**BACKGROUND**

        As the law requires, all disputed facts and inferences are resolved most favorable to the Plaintiff.  The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this motion.  On March 17, 2006, Plaintiff, Marcello Giallorenzo ("Plaintiff" or "Giallorenzo") filed a complaint for damages with this Court pursuant to 42 U.S.C. § 1983 for the alleged violation by the Defendants of his "rights as guaranteed under the 4th, 8th and 14th Amendments to the United States Constitution to be afforded the right to be secure in his person without unreasonable seizure, not to be deprived of liberty without <u>due process of law</u>, and not to suffer unusual punishment and also to be afforded the equal protection of the laws, specifically, the right to not have the law enforced

in a selective fashion against him."  Complaint, at ¶ 55 (emphasis in original).  The Complaint also sets forth causes of action under Pennsylvania state law for defamation and abuse of process.

According to the Complaint, on December 14, 2004, Plaintiff was convicted by a jury of simple assault in the Court of Common Pleas of Beaver County, Criminal Division.  The victim of the assault was Maggie Bruce, the Plaintiff's girlfriend and mother of his child. On February 16, 2005, Plaintiff was sentenced to a term of probation for thirty (30) days. Plaintiff claims that Defendant Assistant District Attorney Jeffrey Paladina ("ADA Paladina") was upset that Plaintiff did not receive a more severe sentence.

Immediately after his sentence was imposed, Plaintiff met with the Beaver County Adult Probation and Parole Department and received the "Rules of Adult Probation."  These rules required, *inter alia,* that Plaintiff  "[r]efrain from assaultive and threatening behavior." The rules also provided that "[i]f you are arrested while on supervision the Adult Probation and Parole Department has the authority to place a detainer against you which will, in effect, prevent you from making bail pending disposition of your new charges or other action of the Court."

On February 27, 2005, while still on probation, Plaintiff was arrested for unlawful restraint, simple assault, and harassment.  The victim of these alleged crimes was again Plaintiff's girlfriend, Maggie Bruce.  Sergeant Steven L. Roberts of the Aliquippa Police Department arrested Plaintiff after the victim, Ms. Bruce, reported that Plaintiff had punched her and dragged her down the steps.  Bail was set at $10,000 and a preliminary hearing before a district justice was scheduled for March 4, 2005, and later rescheduled to March 18, 2005.

2

Plaintiff was released on bail on February 28, 2005, and received the bond supervision rules.   The bond rules specifically state that Plaintiff was to have "NO VICTIM CONTACT."

On March 17, 2005, Defendant Probation Officer J.T Engel ("Probation Officer Engel") had the district attorney's office present a "Petition for Hearing on Violation of Probation."  In the Petition, it is alleged that Plaintiff violated the terms of his probation in the following respects: "(1) received new charges; (2) failed to refrain from assaultive behavior; and (3) failure to abide by verbal and written instructions."  By Order of Court dated March 17, 2005, Judge John D. McBride of the Court of Common Pleas of Beaver County scheduled an Administrative Hearing for April 5, 2005, on the alleged probation violations.

On the morning of March 18, 2005, Plaintiff and Ms. Bruce arrived together at the Beaver County Courthouse (District Magistrate Justice Court) for a preliminary hearing on Plaintiff's pending criminal charges.  According to the Complaint, Ms. Bruce wished to withdraw the charges she had filed against Plaintiff and recant the statement she had made to the police.

As Plaintiff entered the courtroom, Ms. Bruce entered the witness room.  Several hours later, ADA Paladina exited the witness room and offered Plaintiff a plea bargain of six months, which would resolve the February 27, 2005 charges of unlawful restraint, simple assault, and harassment, as well as other pending charges dating back to November 16, 2004 for forgery, receiving stolen property, theft by unlawful taking, and criminal conspiracy.  Plaintiff refused the offer stating to ADA Paladina that "I cannot accept the offer because that would

3

violate my probation; I have the evidence in my hand to show that what she stated is not true." Complaint, at ¶ 30.

Thereafter, ADA Paladina instructed Plaintiff to follow him and Sergeant Roberts into the courtroom. According to the Complaint, ADA Paladina allegedly handed Magisterial District Justice Schulte a note written on a folded sheet of paper. Magisterial District Justice Schulte asked, "you want his bond revoked?" ADA Paladina responded "yes." Plaintiff was then handcuffed by the sheriff's deputy and taken downstairs to the holding area. Plaintiff was later transported to the Beaver County Jail.

Plaintiff complains that his bond was revoked without a hearing, and that the basis for the state court's revocation of his bond was that he did not appear at the preliminary hearing with counsel.

On March 21, 2005, Judge McBride, upon request of Plaintiff's counsel, reinstated the bond order of February 28, 2005. However, Plaintiff was not released because Probation Officer Engel had placed a detainer on Plaintiff, allegedly at the request of ADA Paladina.

On March 31, 2005, Judge John P. Dohanich of the Court of Common Pleas of Beaver County held a hearing on a "Motion to Set Bail and Lift Detainer" filed on Plaintiff's behalf by James J. Ross, Esquire. At this hearing, Judge Dohanich asked Mr. Ross, "Well, isn't it enough though, Mr. Ross, that the probation office would be justified in lodging a detainer because new charges [for a second assault] were filed?" Plaintiff's counsel "agreed" and only complained about the timing of the bond revocation. The Court responded that "there is no time limit upon or within which the probation office is required to lodge a detainer." However, Judge Dohanich reinstated the February 28, 2005 bond order, lifted the detainer, and

4

directed that Plaintiff be released.  Plaintiff was released from the Beaver County Jail later that day.

Plaintiff claims that his constitutional rights were violated when (i) the bail bond on his second assault was revoked by the state court without a hearing; (ii)  ADA Paladina requested the state court to revoke Plaintiff's bail bond and by allegedly being involved in the filing of a detainer; and (iii) Probation Officer Engel filed a detainer against him after his bail bond had illegally been revoked.

Defendants have filed the instant motion to dismiss in which they contend that the Complaint should be dismissed in its entirety because (i) the Complaint fails to state a claim against Beaver County; (ii) ADA Paladina is entitled to absolute prosecutorial immunity because all allegations against him arise out of his official duties; and (iii) Probation Officer Engel is entitled to good faith qualified immunity and/or quasi-judicial immunity because all claims against him arise out of his actions taken within the official scope of his probation duties.

### STANDARD OF REVIEW

In this case, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the Complaint filed by Plaintiff.  Accordingly, the Court must determine whether Plaintiff would be entitled to relief under any set of facts that could be established in support of his claims.  *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994).  All allegations in the Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to Plaintiff.

*Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied,* 519 U.S. 1110 (1997).

The fact that a court must assume as true all facts alleged, however, does not mean that the court must accept as true "unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Rather, "courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998). A complaint alleging violations of a plaintiff's civil rights must "contain a modicum of factual specificity, identifying the particular conduct of the Defendants that is alleged to have harmed the Plaintiff." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989). Moreover, conclusory pleadings do not suffice to state a claim under 42 U.S.C. § 1983. *Pace Resources, Inc. v. Shrewbury Twp.*, 808 F.2d 1023, 1035 (3d Cir. 1987).

### DISCUSSION

Section 1983 of title 42 of the United States Code does not create substantive rights, but rather provides a remedy for the violation of rights created by federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). A *prima facie* case under § 1983 requires a plaintiff to demonstrate: (1) that the alleged wrongful conduct was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v.*

6

*Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Both elements must be present to sustain a § 1983 claim.

To sustain a § 1983 claim against a municipality, a plaintiff must show that the action in question was taken pursuant to a governmental policy.  *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978).  A single action by a municipal official, however, may constitute a "policy" if he had final authority to pursue a course of action regarding the matter at issue and deliberately chose among available alternatives to do so. *Pembaur v. Cincinnati,* 475 U.S. 469, 481-84 (1986); *Bello v. Walker,* 840 F.2d 1124, 1129-30 n.4 (3d Cir.), *cert. denied,* 488 U.S. 868 (1988).

1.      *Claims Against Beaver County*

As stated *supra*, the essence of Plaintiff's claims against Beaver County is that his bail bond was revoked by Magisterial District Judge Schulte on March 18, 2005, allegedly without a hearing and allegedly on an improper basis.  Defendants deny that the revocation of Plaintiff's bond was improper.  However, even assuming *arguendo* that the revocation of Plaintiff's bond was improper, Defendants argue that  Plaintiff has sued the wrong government entity.  The Court agrees.

The procedure for issuance and revocation of bail in Pennsylvania is detailed in the Pennsylvania Rules of Criminal Procedure.  The determination of whether to release a defendant on bail, and if so, the amount and conditions of the bail are set by the "bail authority" which is a "magisterial district justice . . . with jurisdiction over the case who has authority to set, modify, deny, or revoke bail."  *Pa. R. Crim. P. 103, 520, 523, 526-28.*

Similarly, the decision as to whether or not to revoke bail bond is made by the bail authority. *Pa. R. Crim. P. 536.* Revocation is proper when the bailee "violates a condition of the bail bond . . . ." *Id. at R. 536(A)(1)(a).* When a bail authority revokes bail, the reasons for the revocation must be stated in writing or on the record. *Id. at R. 536(A)(1)(e).*

Therefore, the responsibility for revoking Plaintiff's bail bond and stating the reasons for such revocation is the responsibility of the bail authority, in this case Magisterial District Justice Schulte. Clearly, it was not the responsibility of the county, the district attorney, or the probation officer. A municipal entity, such as Beaver County, can be held liable under § 1983 only if its policies, customs, procedures were the moving force behind a violation of a plaintiff's constitutional rights. *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978); *Beck v. City of Pittsburgh*, 89 F.3d 996, 971 (3d Cir. 1996).

Beaver County is not the proper party in a lawsuit which challenges actions taken by the Beaver County Court of Common Pleas or one of its magisterial district justices. Even assuming that Magisterial District Justice Schulte made a mistake relative to the revocation of Plaintiff's bail bond, or if, as Plaintiff alleges, the state court has a "policy, practice or procedure" of "incarcerating individuals for appearing at preliminary hearings without counsel" and that such court policy "is undertaken in a selection fashion," Beaver County cannot be held liable for state court policies or for state actors (i.e., magisterial district justices) over which it has no control.

In his response, Plaintiff argues that Beaver County should remain a defendant in this case because county employees allegedly violated his constitutional rights. However, respondeat superior is not a proper basis for imposing civil rights liability upon a municipal

defendant. *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978); *Beck v. City of Pittsburgh*, 89 F.3d 996, 971 (3d Cir. 1996).

Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claims filed against Beaver County.

2.      *Claims Against Assistant District Attorney Jeffrey Paladina* ("ADA Paladina")

Although § 1983 purports to subject "[e]very person acting under color of state law to liability for depriving any other person in the United States of 'rights, privileges, or immunities secured by the Constitution and laws,' the Supreme Court has recognized that § 1983 was not meant 'to abolish wholesale all common-law immunities.' " *Yarris v. County of Delaware*, --- F.3d ----, 2006 WL 2796262 (3rd Cir. Oct. 2, 2006) *(quoting Pierson v. Ray*, 386 U.S. 547, 554 (1967)). To that end, the United States Supreme Court has identified two kinds of immunity: absolute immunity and qualified immunity. Most public officials are entitled to qualified immunity; however, for public officials who perform "special functions," the United States Supreme Court has determined that absolute immunity is appropriate because it is "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Yarris,* 2006 WL 2796262 at * 4 *(quoting Imbler v. Pachtman,* 424 U.S. 409, 418 (1976)) (quotation marks and citation omitted). "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed,* 500 U.S. 478, 486 (1991).

In *Imbler,* the United States Supreme Court held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. *Imbler,* 424

U.S. at 431.  This immunity extends to acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . .  presenting the State's case." *Id*. at 430-31.   However, when a prosecutor engages in activities which are distinct from his role as an advocate, absolute immunity is not available. *Id.*   For those non-advocatory functions only qualified immunity is available.  *Rose v. Bartle*, 871 F.3d 331, 343 (3d Cir. 1989).

Therefore, the test for prosecutorial immunity depends on a functional analysis; the court is to look to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  Motive is irrelevant.  The only issue is whether the prosecutor was functioning in the role of an advocate, *i.e.,* conducting activities intimately associated with the judicial process or functioning in the role of an administrator or investigator.  *Rose,* 871 F.3d  at 343.

In the instant case, Plaintiff alleges that ADA Paladina violated his constitutional rights when he (i) improperly recommended to the district justice that Plaintiff's bail should be revoked and (2) improperly recommended that a detainer be filed against Plaintiff.   ADA Paladina argues that these claims cannot be pursued against him because his actions are protected by absolute prosecutorial immunity.

There is no dispute that the terms of Plaintiff's probation from his assault conviction required that he not engage in further assaultive or threatening behavior.  Further, the terms of his bail bond forbid contact with the victim, Ms. Bruce.  Accordingly, on the date that ADA Paladina allegedly requested bond revocation, Plaintiff was in violation of both his bail bond and his probation.

The bond revocation occurred in open court, at the time scheduled by the state court for a preliminary hearing, ADA Paladina was there in his capacity as an assistant district attorney, and Plaintiff was present in the courtroom. ADA Paladina's actions fall squarely within his scope as "functioning in the role of an advocate" and, therefore, the Court finds that ADA Paladina is entitled to absolute immunity.

Similarly, ADA Paladina cannot be held liable for requesting that a detainer be issued.  The express written rules of Plaintiff's probation provided that "[i]f you are arrested while on supervision, the Adult Probation and Parole Department has the authority to place a detainer against you which will, in effect, prevent you from making bail pending disposition of your new charges or other action of the Court."  It is not disputed that Plaintiff was arrested when he was on supervision; therefore, a detainer could be placed on him.

Significantly, the detainer at issue was not executed by ADA Paladina, but rather was executed by the Adult Probation and Parole Department.  However, assuming *arguendo* that ADA Paladina recommended that the detainer be filed, such a recommendation clearly falls within the course and scope of his prosecution of the crimes on which the detainer is based.

Accordingly, because absolute prosecutorial immunity prevents these claims, the Court will dismiss with prejudice Plaintiff's § 1983 claims filed against ADA Paladina.


3.      *Claims Against Probation Officer J.T. Engel*

Plaintiff's claims against Probation Officer Engel are two fold:  first, Probation Officer Engel allegedly had the district attorney's office present a "Petition for Hearing on Violation of Probation" on March 17, 2005; and second, Probation Officer Engel allegedly filed

11

the detainer improperly.  Plaintiff claims that "Paladina and Engel had no right to detain Giallorenzo."  The Court finds that Plaintiff's claims are without merit.

First, the conditions of Plaintiff's probation expressly indicated that being arrested while under supervision was a probation violation, as was engaging in further assaultive or threatening behavior.   Taking as true the allegations of the Complaint, which the Court is required to do at this stage of the litigation, Probation Officer Engel knew that Plaintiff had been arrested for assault while under supervision, that both the arrest and the alleged conduct (assault) constituted violations of his probation, and that the district attorney was pursuing charges against the Plaintiff.  Under these circumstances, Probation Officer Engel's alleged request for the filing of the detainer and/or revocation of Plaintiff's probation was entirely appropriate.

Defendants assert that Probation Officer Engel is protected by quasi-prosecutorial immunity or, in the alternative, qualified immunity with respect to the challenged actions. Because the Court finds that Probation Officer Engel is entitled to qualified immunity, the Court need not decide whether he may also enjoy absolute immunity.

Qualified immunity applies where a person's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Anderson v. Creighton*, 483 U.S. 635 (1987).  Here, Probation Officer Engel's actions clearly did not violate Plaintiff's statutory or constitutional rights.  Probation Officer Engel was permitted to lodge the probation detainer especially in light of his knowledge that Plaintiff had been arrested a second time for an assault of the same victim, that the district attorney was

pursuing charges for that assault against the Plaintiff, and that such conduct clearly constituted a violation of the terms of Plaintiff's probation.

Similarly, Probation Officer Engel's alleged recommendation to the district attorney that a Petition for Hearing on Violation of Probation be filed clearly falls within the protections of qualified immunity.

Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claims filed against Probation Officer Engel.

4.        *Pendent Claims*

Plaintiff also alleges violations under Pennsylvania state law for defamation and abuse of process.  The Court of Appeals for the Third Circuit has held that if the federal counts of a complaint are dismissed then the district court should "ordinarily refrain from exercising jurisdiction [over the state law claims] in the absence of extraordinary circumstances."  *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195-96 (3d Cir. 1976).  *See also Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 78 (3d Cir. 1995) ("Under *Gibbs* jurisdiction, where the claims over which the district court has original jurisdiction are dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.")  Given that the motion of the defendants will be granted on the federal claims in this case, and given that there are no extraordinary circumstances which would warrant the exercise of jurisdiction over the pendent state law defamation and abuse of process claims, the Court will decline to exercise supplemental jurisdiction.  Accordingly, Plaintiff's claims for defamation

and abuse of process under Pennsylvania state law against ADA Paladini and Probation Officer Engel will be dismissed without prejudice.  *Angst v. Mack Trucks, Inc.,* 969 F.2d 1530 (3d Cir. 1992) (once all federal claims have been dropped from the case, the case should either be dismissed or transferred to the Pennsylvania Court of Common Pleas pursuant to 42 Pa. Cons. Stat. Ann. § 5103(b)).

### CONCLUSION

For the reasons hereinabove set forth, the Motion to Dismiss filed by Defendants will be granted. An appropriate order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARCELLO GIALLORENZO,         )
                  Plaintiff,      )
                         )
          v.           )     02: 06cv0354
                         )
BEAVER COUNTY, JEFFREY PALADINA, )
individually, and J.T. ENGEL, individually,  )
              Defendants.   )

**ORDER OF COURT**

AND NOW, this 31st day of October, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.     The MOTION TO DISMISS filed by defendants Beaver County, Jeffrey

Paladina, individually, and J. T. Engel, individually, is hereby **GRANTED**;

2.     Plaintiff's claims brought under 42 U.S.C. § 1983 are hereby dismissed with

prejudice; and

3.     Plaintiff's claims for defamation and abuse of process brought under state law

are dismissed without prejudice.


                             BY THE COURT:

                             s/Terrence F. McVerry
                             United States District Court Judge

cc:        Gianni Floro, Esquire
                Email: gfloro@tarasilaw.com

                Marie Milie Jones, Esquire
                Meyer, Darragh, Buckler, Bebenek & Eck
                Email: mjones@mdbbe.com

                Michael R. Lettrich, Esquire
                Meyer, Darragh, Buckler, Bebenek & Eck
                Email: mlettrich@mdbbe.com